# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JESSIE NICHOLAS JEUNE,<br>                    Appellant, | DOCKET NUMBER<br>PH-315H-15-0224-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>     AFFAIRS,<br>                    Agency. | DATE: September 11, 2015 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Nancy Gail Matza</u>, Esquire, Somerville, Massachusetts, for the appellant.

<u>Jonathan Smith</u>, Bedford, Massachusetts, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The appellant filed an appeal challenging the agency's decision to terminate her career-conditional appointment in the competitive service as a Supervisory Financial Management Specialist prior to the completion of her 1-year probationary period.  Initial Appeal File (IAF), Tab 1 at 6, 8.  In her appeal, the appellant raised a claim of whistleblower reprisal, alleged that the agency ignored her veterans' preference, and argued that her termination was not in accordance with the law.  *Id*. at 6.  The appellant also requested a hearing.  *Id*. at 2.

¶3    The administrative judge issued an acknowledgment order explaining to the appellant the limited appeal rights afforded to probationary employees under 5 C.F.R. §§ 315.801, 805, and 806.  IAF, Tab 2 at 2-3.  In addition, the administrative judge informed the appellant of the criteria for qualifying as an "employee" with appeal rights under chapter 75 and ordered her to file evidence and argument to establish why her appeal should not be dismissed for lack of jurisdiction.  *Id.* at 3-4.  The appellant did not respond, and the agency moved to dismiss the appeal.  IAF, Tab 6.

¶4    Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 7, Initial Decision (ID) at 1, 4.  He found that the appellant failed to show that her alleged prior service would support finding jurisdiction over her appeal.  ID at 4.  He also found that the appellant did not dispute that the agency terminated her appointment prior to the completion of her 1-year probationary period.  ID at 3.  He further found that the appellant did not allege that the agency terminated her for partisan political reasons or based on marital status discrimination, which was the only basis for finding Board jurisdiction over a probationer's appeal of a termination for postappointment reasons.  ID at 3.  In reaching his decision, the administrative judge noted that the appellant failed to respond to either the agency's motion to dismiss her appeal for lack of jurisdiction or to the acknowledgement order.  IAF, Tab 7 at 2.

¶5        The appellant filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1.[2]  In her petition, the appellant reasserts her whistleblower retaliation claim under 5 U.S.C. § 2302 and her claim that the agency's action was not in accordance with the law. *Id*. at 4.  For the first time on review, she also claims:  harmful procedural error; retaliation for nonwhistleblowing activity protected under 5 U.S.C. § 2302; violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA); and violation of a law or regulation relating to the Veterans Employment Opportunities Act of 1998 (VEOA).[3]  *Id*.  In support of her petition, the appellant attached a copy of the agency's January 20, 2015 termination letter, her February 20, 2015 appeal, and the April 8, 2015 initial decision dismissing her appeal for lack of jurisdiction. PFR File, Tab 1.  The agency filed a response in opposition to her petition, and the appellant replied.  PFR File, Tabs 3-4.

¶6        The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  Generally, the Board lacks jurisdiction over a probationary employee's appeal from a termination during the probationary period; however, the Board may consider an appeal when the employee alleges that her termination was based on partisan political reasons or marital status.  *See* 5 C.F.R. § 315.806(b).  A probationary employee also may appeal based on procedural deficiencies but only if the agency terminated her for reasons arising before her appointment.  5 C.F.R. § 315.806(c).

---

[2] After the administrative judge issued the initial decision on April 8, 2015, the appellant filed another appeal with the Board's regional office on May 5, 2015.  IAF, Tab 1.  The regional office forwarded the pleading to the Office of the Clerk of the Board, which reviewed the filing and processed the appellant's May 5, 2015 pleading as a petition for review of the April 8, 2015 initial decision.  PFR File, Tab 2 at 1.

[3] In initially challenging her termination, the appellant argued that the agency ignored her veterans' preference; however, she did not otherwise indicate that she was seeking corrective action under VEOA or USERRA.  IAF, Tab 1 at 6.

¶7    Here, the appellant does not challenge the administrative judge's finding that the agency terminated her during her probationary period for postappointment reasons, and she does not allege that her termination was for partisan political reasons or due to marital status discrimination. *See* ID at 3. Moreover, the appellant does not dispute the administrative judge's finding that she does not qualify as an "employee" with appeal rights under 5 U.S.C. chapter 75. ID at 3-4. We therefore discern no reason to disturb these findings.

¶8    We remand this appeal for further adjudication of the jurisdictional issue because the appellant raised a claim of whistleblower retaliation in her appeal, and the administrative judge did not inform her about what is required to establish jurisdiction under the criteria applicable to an individual right of action (IRA) appeal. IAF, Tab 1 at 6; PFR File, Tab 1 at 4; *see Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (holding that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue). Neither the acknowledgment order, the agency's motion to dismiss the appeal, nor the initial decision informed the appellant of the jurisdictional requirements and burdens of proof regarding her possible IRA appeal.

¶9    Because the administrative judge never informed the appellant as to the requirements for establishing jurisdiction over her termination as an IRA appeal, and he failed to address her whistleblower retaliation claim in the initial decision, we must remand this appeal to the regional office for further adjudication. *See Stauner v. Department of the Interior*, 86 M.S.P.R. 179, 182 (2000); *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (finding that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests). On remand, the administrative judge shall explicitly inform the appellant about what she must show to establish Board jurisdiction over an

IRA appeal and the additional claims she raised on review under VEOA and USERRA.[4]  After affording the parties an opportunity to submit evidence and argument on these issues, the administrative judge shall decide whether the Board has jurisdiction over this appeal and, if so, adjudicate the merits of this appeal after holding the requested hearing.  The administrative judge shall then issue a new initial decision that addresses all of the issues necessary for adjudication of this case, as well as any issues properly raised by the parties.  In his remand initial decision, the administrative judge may incorporate his prior finding that the Board has no jurisdiction over this appeal under 5 U.S.C. chapter 75 or 5 C.F.R. § 315.806.  ID at 3-4.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.

---

[4] As previously noted, the appellant explicitly alleged violations of VEOA and USERRA for the first time on review.  PFR File, Tab 1 at 4.  Such claims may provide a basis for finding Board jurisdiction over this appeal.  Because the issue of jurisdiction may be raised at any time during a proceeding, on remand the administrative judge should consider these claims in deciding the jurisdictional issue.  *See Morgan v. Department of the Navy*, 28 M.S.P.R. 477, 478 (1985).